**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| JAMES and RAE CYR,<br><br>      Plaintiffs,<br><br>vs.<br><br>FARMERS ALLIANCE MUTUAL INSURANCE CO., a Kansas Corporation,<br><br>      Defendants.<br>_____<br>FARMERS ALLIANCE MUTUAL INSURANCE CO., a Kansas Corporation,<br><br>      Third-Party Plaintiff,<br><br>vs.<br><br>RESERVE CENTRAL INSURANCE AGENCY, d/b/a MONTANA CENTRAL INSURANCE AGENCY, a Montana Corporation,<br><br>      Third-Party Defendant. | CV 04-99-BLG-RFC<br><br>**ORDER DENYING MOTION TO VACATE SETTLEMENT CONFERENCE** |

On February 19, 2007, Plaintiffs filed a motion to vacate the settlement conference now scheduled for this Friday, February 23, 2007. In the motion, Plaintiffs note that both Defendants oppose this motion. Today, February 20, 2007, Defendant Farmers

-1-

Alliance Mutual Insurance Co. ("FAMI") filed a brief opposing the Motion to Vacate.

In support of their motion, Plaintiffs explain that, pursuant to this Court's Order requiring settlement discussions prior to the conference, Plaintiffs attempted to engage Defendants in a meaningful settlement dialogue.  Defendants' responses to that effort led Plaintiffs to conclude that Defendants do not intend to make serious or good faith efforts to settle the case.

In its response to the motion, FAMI states that its offer was an "<u>initial</u> settlement offer," that FAMI's offer was made in good faith and, most importantly, that FAMI intends to participate in the settlement conference in good faith.  Airplane reservations have been purchased.

It is not unusual for parties to begin a settlement conference with widely varied and disparate views on an appropriate settlement range.  Such initial disparity is not necessarily an accurate predictor of the likelihood of a successful settlement conference.

All parties joined in requesting a settlement conference. *See Joint Motion for Settlement Conference, Court's Doc. No. 111.* All parties have indicated that they intend to negotiate in good faith.  Under these circumstances, although no one can predict at this time whether the case will settle, the Court concludes that

it remains in the interest of all parties to attend the settlement conference and to make a good faith effort to resolve this dispute.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Vacate Settlement Conference (*Court Doc. No. 117*) is **DENIED.**

DATED this 20th day of February, 2007.

                                  **/S/** Carolyn S. Ostby
                                  Carolyn S. Ostby
                                  United States Magistrate Judge